## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NO. H-19-680** |
| | § | |
| **V.** | § | |
| | § | |
| **DARREN FEDON** | § | |

### PLEA AGREEMENT

The United States of America, by and through Ryan Patrick, United States Attorney for the Southern District of Texas, and Belinda Beek, Assistant United States Attorney, and the Defendant, **DARREN FEDON,** and the Defendant's counsel, Brett Podolsky, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to Count Three of the Indictment. Count Three charges Defendant with False and Fraudulent Statements in Immigration Documents in violation of Title 18, United States Code, Section 1546(a).  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt.

1

**Punishment Range**

2.     The **<u>statutory</u>** maximum penalty for each violation of Title 18, United States Code, Section 1546(a), is imprisonment of not more than ten years and a fine of not more than $250,000.   Additionally, the Defendant may receive a term of supervised release after imprisonment of up to three years.     Title 18, U.S.C. §§ 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release up to two years, without credit for time already served on the term of supervised release prior to such violation.     Title 18, U.S.C. §§ 3559(a)(3) and 3583(e)(3).     Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Cooperation**

5.   The parties understand this Agreement carries NO potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.

**Waiver of Appeal and Collateral Review**

6.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not

3

waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court.   The United States does not make any promise or representation concerning what sentence Defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

4

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## Prohibitions

9.   The Defendant agrees that he will not be employed by a financial institution, serve as a board member of a financial institution, or participate in any manner in the voting rights of any financial institution.  "Financial institution" has the meaning defined in 18 U.S.C. Section 20.  This prohibition expressly includes, but is not limited to employment.   Also, Defendant may not solicit, procure, transfer, attempt to transfer, vote, or attempt to vote any proxy, consent, or authorization with respect to any voting rights in any financial institution.

10.   The Defendant agrees that he will not sponsor any non-United States citizen for any type of immigration matter or benefit of any kind, and will not file any documents or forms of any kind with the United States Citizenship and Immigration Service ("USCIS"), including but not limited to any Form I-130 Petition for Alien Relative.

11.   The Defendant agrees that he will not engage in any employment where he has signatory or password-controlled access to withdraw funds from bank or credit accounts that are not his own, including the bank or credit accounts of his

employer or other employees.

## United States' Agreements

12.    The United States agrees to each of the following:

(a)      The United States agrees to dismiss the remaining counts of the Indictment after Defendant has been sentenced.

## Agreement Binding - Southern District of Texas Only

13.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct that is the basis of the charge in the Indictment.   The United States further agrees not to criminally prosecute any offenses arising out of his employment for Flexsteel Pipeline and made the basis of the civil petition in cause number 2018-34640 in the 113th District Court of Harris County, Texas.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice.   The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

14.    The United States reserves the right to carry out its responsibilities

6

under the guidelines sentencing.   Specifically, the United States reserves the right:

    (a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)      to set forth or dispute sentencing factors or facts material to sentencing;

    (c)      to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

    (d)      to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

    (e)      to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

15.   Defendant is aware that his sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553.   Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the

Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

16.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a Defendant include the following:

   (a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agreed.

   (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

   (c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

17.    Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count Three of the Indictment.   If this case were to proceed to trial, the United States would prove each element of the offense beyond a reasonable doubt.   Defendant understands and agrees that the following facts, **among others**, would be offered to establish Defendant's guilt:

- **DARREN FEDON** is a citizen of the United States who currently resides in Texas but previously lived in Georgia.

- Adriana Granados is a citizen of Colombia who currently resides in the Southern District of Texas.   She previously lived in Georgia and Texas.

- Before sometime in May 2019, Granados was married to a non-U.S. citizen, "C," who was in the United States on an L1 work visa.   As C's spouse, Granados was legally present in the United States on a dependent L2 visa.

- On or about April 17, 2019, Granados was indicted by a federal grand jury in Houston, Texas, for embezzlement in violation of 18 U.S.C. § 656.

- On or about May 28, 2019, the United States Department of State revoked Granados' L2 visa and she no longer had any legal status in the United States.

- On or about May 29, 2019, **DARREN FEDON** and his codefendant, Adriana Granados, obtained a marriage license in Bryan County, Georgia. On the application for the license, Granados made the false statement that she had never been married before, writing in "0" for number of prior marriages.

- On or about June 3, 2019, Fedon and Granados used the fraudulently obtained marriage license to be married in Georgia.

9

- Form I-485:   Form I-485 is commonly known as a "green card application." To adjust a beneficiary spouse's immigration status to that of a lawful permanent resident, the beneficiary spouse must file an I-485 with the USCIS.   In the I-485, the beneficiary spouse must provide his/her complete marital history and criminal history, as well as residential history for the past five years.

- Form I-130:   Form I-130 is the Petition for Alien Relative form ("I-130"). To accord the beneficiary spouse "immediate relative" status, a petitioner must file an I-130 with USCIS.   In support of the I-130, among other requirements, a petitioner must submit the marriage certificate and must also indicate in the I-130 if he/she has previously sponsored other aliens for immigration benefits.

- Persons submitting Form I-130 and Form I-485 sign these forms under penalty of perjury and certify all of the information provided is complete, true, and correct.

- On or about July 31, 2019, Granados pleaded guilty to embezzlement in violation of 18 U.S.C. § 656 in Houston, Texas.

- On or about July 3, 2019, and again on or about August 8, 2019, **DARREN FEDON** mailed falsified immigration documents, including false and fraudulent I-485 and I-130 forms to United States Citizenship and Immigration Service ("USCIS").   The documents contained various false statements including the representation that Fedon had never sponsored an alien before and that Granados had never committed or been charged with a crime.

- Between 2005 and 2017, **DARREN FEDON** filed five I-130 immigration petitions with the United States Citizenship and Immigration Service ("USCIS") for four different aliens.

- From May 2019 through August 2019, in the Houston Division of the Southern District of Texas and elsewhere, the defendants, **FEDON** and Granados, aiding and abetting each other, did knowingly present and make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application,

affidavit and document required by the immigration laws and regulations prescribed thereunder, in that defendants answered "no" to the following questions under oath and penalty of perjury, when in truth and fact that answer was "yes" and each defendant knew the true answer to each of these questions was "yes":

    a.    Granados was asked in her I-485, part 8, question 64, "Have you ever submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States";

    b.    Granados was asked in her I-485, part 8, question 65, "Have you ever lied about, concealed or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit;

    c.    Granados was asked on the I-485, part 8, question 26, "Have you ever committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime)"; and

    d.    Defendant was asked in his I-130, part 5, question 1, "Have you ever filed a petition for this beneficiary or any other alien?"

All these false statements were in violation of 18 U.S.C. § 1546(a).

### Breach of Plea Agreement

18.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the

11

Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

19.    Whether Defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Fines

20.    Defendant understands that fines are a separate aspect of sentencing and are a separate obligation.

21.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

22.    This written plea agreement, consisting of 15 pages, including the

attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____ , 2020.


_____
Defendant


Subscribed and sworn to before me on _____, 2020.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By:  _____
Deputy United States District Clerk

APPROVED:
RYAN K. PATRICK
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By:  _____        _____
Belinda Beek                                           Brett Podolsky
Assistant United States Attorney           Attorney for Darren Fedon

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NO. H-19-680** |
| | § | |
| **V.** | § | |
| | § | |
| **DARREN FEDON** | § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment.   I have reviewed the provisions of the United States Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _____
Brett Podolsky                                                        Date
Attorney for Defendant

14

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Guidelines Manual and Policy Statements which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement, and I voluntarily agree to its terms.


_____          _____
DARREN FEDON                                          Date
Defendant

15